

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 23, 1973

Honorable James R. Ray
Executive Director
Governor's Committee on Human
Relations
State Capitol Building
Austin, Texas 78711

Opinion No. H-14

Re: Effect of the failure
to sign H. B. 183 on
its effective date.

Dear Mr. Ray:

The facts which you have submitted to us indicate that Acts 1969, 61st Legislature, ch. 446 (Article 1c, Vernon's Texas Civil Statutes) creating the Governor's Committee on Human Relations provided that the term of office of members of the committee expired on February 1, 1973 and that the existence of the Committee was to cease on February 1, 1973.

House Bill 183 of the current Legislature was adopted to amend Article 1c. Existence of the committee was to be continued until August 21, 1973. The Bill provides for terms of office expiring February 1 of odd-years. It declares the existence of an emergency and that it is to take effect and to be in force from and after its passage. It shows that the vote in the House of Representatives was 126 yeas and 17 nays, and in the Senate was 24 yeas and 3 nays.

Because of various unforeseen circumstances including the death of the late President Johnson, although the House adopted the measure on January 31, 1973, the Senate did not act until February 6 and the Governor did not sign the Bill until February 8, 1973.

You state that the Comptroller has indicated that he will not pay staff salaries for the Governor's Committee on Human Relations for the period of February 1 through February 7, 1973 and have asked our opinion as to whether or not the facts indicate a break in service of members of the commission so as to warrant a break in their compensation.

Article 3, Section 39 of the Constitution of Texas determines when an enactment of the Legislature shall take effect. Normally laws do not go into force until 90 days after the adjournment of the session at which they were enacted. However, the Constitution excepts emergency legislation if the fact of the emergency is expressed in the preamble or body of the act and the Legislature votes by two-thirds of all the members elected to each house that it shall go into effect at some different time. The requirements of that section have been met in H. B. 183.

The remaining question then is whether, insofar as the act purports to be effective as of February 1, 1973, a date prior to its final enactment, it runs afoul of Section 16 of Article 1 which says:

> "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligations of contracts, shall be made."

We assume the Comptroller has made his indicated ruling because he considers this to be a constitutionally prohibited retroactive law. If so, we are of the opinion that he is incorrect.

In Deacon v. City of Euless, 405 S. W. 2d 59 (Tex. 1966) the Supreme Court had before it a duly enacted statute affecting annexation of territory. It is particularly interesting because the statute, adopted by the Legislature on May 14 and not effective until August 23, 1963, provided that it was applicable to annexation ordinances pending on March 15, 1963.

In upholding the statute and in giving effect to its provisions the Court said:

> "While we agree with the Court of Civil
> Appeals statement that 'retrospective laws are
> commonly regarded with disfavor,' the con-
> trolling circumstance in interpreting a law as
> having retrospective or prospective effect is
> intention of the Legislature." (405 S. W. 2d at 61)

Noting that the act expressly made its terms retroactive, the court made its constitutionality hinge on whether giving it effect would destroy or impair vested rights.

> "Section 16, Article 1, prohibits the making of retrospective laws insofar as they destroy or impair vested rights. The Legislature cannot by retroactive legislation applicable to municipal corporations destroy or impair vested rights which persons have acquired in their relationships with the municipal corporations. . . . " (405 S. W. 2d at 62)

See also, Texas Water Rights Commission v. Wright, 464 S. W. 2d 642 (Tex. 1971).

Clearly the Legislature intended H. B. 183 to be effective February 1, 1973. We can see no possibility that the vested rights of any person will be adversely affected by the fact the act is retroactive. We are, therefore, of the opinion that H. B. 183 is effective as of February 1, 1973, to extend the existence of the Governor's Committee on Human Relations, without break, until August 31, 1973.

### S U M M A R Y

Under the particular facts presented, an Act of the Legislature extending the term of a commission from its expiration on February 1, 1973, even though not enacted until after that date, was not unconstitutional as a retroactive law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

Honorable James R. Ray, page 4 (H-14)

APPROVED:

_____
JOHN M. BARRON
First Assistant

_____
DAVID M. KENDALL, Chairman
Opinion Committee